UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN P. MCKENNA,

                Plaintiff,

     -v.-

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTOPHER J. HUGHES and ALAN M. BAKKER,

                Defendants.
------------------------------------------------------------------X

CV 06 2895 (SJF)(ETB)

**NOTICE OF MOTION TO COMPEL**

**PLEASE TAKE NOTICE** that upon the annexed Memorandum of Law, dated April 20, 2007, and supporting exhibits attached thereto, together with all pleadings and proceedings heretofore had herein, the undersigned will move this Court before the Honorable E. Thomas Boyle at the United States Long Island Courthouse, Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722-4438, on a date and at a time to be designated by the Court, for an order pursuant to Rule 37(a) of the Fed. R. Civ. P. directing Defendants to produce documents sought in Plaintiff's First Request for the Production of Documents, together with such other and further relief the Court deems just and proper.

Dated: New York, New York
       April 20, 2007

                                    Karasik & Associates, LLC

                                    By:_____
                                    Sheldon Karasik, Esq. (SK-4020)
                                    (A Member of the Firm)
                                    Attorneys for Plaintiff, Kevin P. McKenna
                                    28 West 36th Street, Suite 901
                                    New York, NY 10018
                                    (212) 244-6100

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the Notice of Motion to Compel and Plaintiff's Memorandum of Law in support thereof with attachments thereto were served by United States mail, postage prepaid, on April 24, 2007, upon:

>Thomas J. Spellman, Esq.
>Devitt Spellman Barrett, LLP
>Hillside Village Plaza
>50 Route 111
>Smithtown, NY  11787

_____
Sheldon Karasik, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KEVIN P. MCKENNA,

                Plaintiff,

-v.-

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTOPHER J. HUGHES and ALAN M. BAKKER,

                Defendants.
----------------------------------------------------------------------X

**CV 06 2895 (SJF)(ETB)**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

      **NOW COMES** Plaintiff Kevin McKenna, by and through his counsel, Karasik & Associates, LLC, and submits this Memorandum of Law in support of his Motion, pursuant to Rule 37(a) of the Fed. R. Civ. P., to compel responses to Plaintiff's First Request for the Production of Documents.

**I.**    **Background**

      On June 6, 2006, Plaintiff Kevin McKenna filed a Complaint regarding, *inter alia,* the use of excessive force in connection with his arrest on November 5, 2005 by the defendant police officers employed by the defendant municipality. Issue was joined on June 27, 2006, when Defendants filed their Answer. On January 23, 2007, Plaintiff served his First Request for Production of Documents in accordance with Rule 34 of the Fed. R. Civ. P. (*See* Exhibit "A" attached hereto). On March 15, 2007, Defendants served their responses and indicated therein a refusal to produce any documents responsive to request numbers 16 through 21. (*See* Defendants' Response, attached hereto as Exhibit "B"). These six requests to which objections were asserted sought records of complaints of professional misconduct against the individual defendants and their personnel files--police officers against whom Plaintiff has made allegations

of brutality in connection with his arrest, and a third officer, Sergeant William Ricca, not yet named in the Complaint because his identity was only recently discovered. (Sergeant Ricca is the subject of Plaintiff's Motion to Amend the Complaint, which is being filed contemporaneously).

## II. Certification

The undersigned certifies, pursuant to Fed. R. Civ. P. 37(a)(2)(A), that he has conferred in good faith with the party not making the disclosures herein sought in an effort to secure the disclosure without court action, but the party has failed and refused to negotiate on any terms. By letter dated April 3, 2007, Plaintiff's counsel informed Defendants that their objections to document requests number 16 through 21 were unfounded. (*See* Exhibit "C" attached hereto). Defendants still refused to produce any documents; nor did they respond, as requested, to the April 3rd correspondence. On April 18, 2007, a pre-motion telephone conference was held before this Court, which directed the filing of the instant motion. (*See* Exhibit "D" attached hereto).

## III. Argument

Pursuant to Rule 26(a)(5), "parties may obtain discovery by . . . production of documents or things." Pursuant to Rule 26(b)(1) of the Fed. R. Civ. P., "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Pursuant to Rule 37(a): "if a party fails to make disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

Plaintiff's Complaint asserts causes of action for assault and battery, as well as intentional infliction of emotional distress, against the individual defendants. It also asserts a cause of action for negligent supervision against their employer, the municipal defendant, and it

asserts causes of action for the violation of federal and state constitutional rights against all defendants. Obviously, showing instances of prior professional misconduct by the individual police officer defendants is critical to Plaintiff's ability to establish a pattern of negligent supervision, as well as a pattern of constitutional violations necessary to support such causes of action. Moreover, such evidence can also be used to undermine the credibility of the officers if they seek to deny the use of excessive force by claiming that they routinely follow professional standards of conduct.

Defendants have claimed in their responses to request numbers 16, 18 and 20 that police personnel records are confidential under New York Civil Rights Law and therefore have refused to produce them. However, §50-a of the New York Civil Rights Law merely states that records "used to evaluate performance toward continued employment or promotion" need not be disclosed except pursuant to court order." Defendants have made no allegation, much less a proffer of proof, to establish that personnel records are used to evaluate performance. The municipality has the burden to show this before the protection can be invoked. *See, e.g., Johnson v Gillespie*, 214 App. Div. 2d 537, 625 N.Y.S.2d 60 (2d Dept. 1995); *Mc Bride v City of Rochester*, 794 N.Y.S.2d 207 (4th Dept. 2005).

Assuming they had properly raised their objection and established that the requested records are evaluative in nature, Plaintiff would then hereby request that this Court issue an order pursuant to §50-a that the personnel records be disclosed, review them *in camera* pursuant to §50-a(3), and release all relevant documents to Plaintiff. The statute was "enacted to curb abusive use of police officer's personnel record in connection with such officer's appearance as witness." *Simpson v. New York City Transit Authority* 66 N.Y.2d 1010, 499 N.Y.S.2d 396, 489 N.E.2d 1298 (1985). *Powhida v Albany*, 147 App. Div. 2d 236, 542 N.Y.S.2d 865 (3rd Dept.

3

1989) ("Civil Rights Law § 50-a does not create a blanket exemption for all personnel records as it was enacted to prevent vexatious investigation into irrelevant matters in the context of a civil or criminal action so that such records and reports were subject to disclosure in a nonlitigation context."). There is nothing "abusive" in allowing Plaintiff to learn about other instances of disciplinary actions taken against these defendants, and there is no evidence or reason to believe that Plaintiff has any such intentions. Moreover, §50-a does not have the same force and effect in federal court that it does in New York state courts. *Mercado v. Division of N.Y. State Police*, 989 F. Supp. 521 (S.D.N.Y. 19987) ("New York statute does not govern discovery in federal cases, and there is no analogue in federal law to this provision. However, federal common law provides for some consideration of state law privileges, since a 'strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies.' To resolve discovery disputes of this kind, a federal court must balance the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions.") As the *Mercado* court stated:

> With respect to the ten disciplinary records sought, on the other hand, as defendant acknowledges, such records might be relevant to prove that similarly situated white officers were treated differently. Defendant asserts, however, that the information sought by plaintiff does not involve disciplinary instances similar to plaintiff's, although it does not provide any basis for that assertion and, instead, faults plaintiff for failing to suggest any similarity. Defendant simply asserts, conclusorily, that, based upon its own review of the records, the situations were not similar without indicating what these situations were or other factual information. Defendant also, in boilerplate language, sets forth the general policy reasons for not disclosing the documents, including the protection of officers against frivolous or vexatious claims concerning their conduct and the protection of the internal deliberative process of law enforcement agencies. Plaintiff's interests in obtaining these admittedly relevant documents outweighs the policy interests identified by defendant. Plaintiff does not intend to file any claims against the

4

officers, and evidence concerning the decision-making process resulting in plaintiff's termination is obviously critically relevant here. Moreover, the policy concerns identified by defendant may be adequately protected by a confidentiality agreement and protective order with regard to these documents.

Furthermore, § 50-a does not create and evidentiary privilege from disclosure. In *Martin v. Lamb*, 122 F.R.D. 143 (W.D.N.Y. 1988), where the plaintiff sought compensatory and punitive damages, as well as a declaratory judgment that his arrest was illegal, he filed a motion requesting official reports or records regarding the officers' prior use of force. The officers opposed the motion claiming that the records were privileged material protected from disclosure under N.Y. Civ. Rights Law § 50-a. The officers also objected on the ground that the records sought were irrelevant under Fed. R. Evid. 404(b). As in *Mercado*, the court held that the officers' reliance on § 50-a was misplaced in a 42 U.S.C. § 1983 action. Further, the court found that the intent of N.Y. Civ. Rights Law § 50-a was not to create an evidentiary privilege. Therefore, the court directed the officers to submit the records to the court for an *in camera* inspection. It stated:

> It is not entirely clear, however, whether the New York Legislature, by its enactment of § 50-a, intended to create an evidentiary "privilege" within the meaning of the law of evidence. A non-disclosure or "confidentiality" provision in a statute may not always create an evidentiary privilege, especially if the legislature did not "explicitly create an evidentiary privilege." Merely asserting that a state statute declares that the records in question are "confidential" does not make out a sufficient claim that the records are "privileged" within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 501. [citations omitted]

Moreover, evidence of prior misconduct, even if not relevant as to the negligence of the officers themselves, is clearly relevant in determining the municipal defendant's liability for their actions, and the punitive damages award. In such cases, courts rule that confidentiality must be laid aside. *See, e.g., Martinez v. Stockton*, 132 F.R.D. 677 (D. Cal. 1990).

5

Additionally, simply because Plaintiff does not know the contents of the files themselves or how they may be organized is hardly a reason to bar disclosure. In *People v. Jackson*, 237 A.D.2d 179, 655 N.Y.S.2d 17 (1st Dept. 1997), for instance, the court stated:

> The trial court's failure to review Officer Togans' personnel file was also error. Officer Togans was the sole source of the People's version of the altercation and that portion of the chase where the shot or shots were allegedly fired. The defense made the requisite showing necessary for the trial court to review Officer Togans' personnel file pursuant to section 50-a of the Civil Rights Law: he had moonlighted at that bar in the past; he was acting as if he was working as a bouncer on the night of the shooting incident; and, he had been suspended from the force on at least one prior occasion. To require the defense to know the precise contents of the very file it is seeking is putting the cart before the horse.

Lastly, Defendants have totally failed to adduce any justification to support their refusal to produce records regarding complaints of misconduct they may have on file concerning the individual defendants (document request nos. 17, 19 and 21). If other complaints have been made against these defendants, such information would be critical in establishing the municipality's liability under §1983 and for negligent supervision of the officers. Such materials are obviously relevant and not--and Defendants do not claim to the contrary-- protected by §50-a. Full responses to document request numbers 17, 19 and 21 made therefore be made forthwith.

### III. Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that this Court issue an order directing Defendants to produce all relevant documents responsive to requests number 16 through 21 of Plaintiff's First Request for Production of Documents or, in the alternative, submit all or a part of those documents to the Court for *in camera* review.

Dated: New York, New York
April 20, 2007

                        Karasik & Associates, LLC

By: _____
Sheldon Karasik, Esq. (SK-4020)
(A Member of the Firm)
28 West 36th Street, Suite 901
New York, NY 10018
(212) 244-6100
Attorneys for Plaintiff

7