UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN P. MCKENNA,

                Plaintiff,

-v.-

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTOPHER J. HUGHES and ALAN M. BAKKER,

                Defendants.
-----------------------------------------------------------------X

CV 06 2895 (SJF) (ETB)

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that Plaintiff, Kevin P. McKenna, by and through his attorneys, Karasik & Associates, LLC, requests that Defendants produce and permit counsel for Plaintiff an opportunity to inspect and copy the following documents, in accordance with Rule 34 of the Federal Rules of Civil Procedure, at the offices of Karasik & Associates, LLC, 28th West 36th Street, Suite 901, New York, NY 10018, within 30 days of service hereof.

**INSTRUCTIONS and DEFINITIONS**

The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 are incorporated herein by reference. In addition, the following definitions apply.

1.    The word "Defendants" means Defendant, the Incorporated Village of Northport, and any subsidiary, affiliate, parent entity, division, related and/or associated entity, and any officer, director, employee, agent and/or representative of the Defendant, including but not limited to the Defendants Northport Village Police Department, Christopher J. Hughes, and Alan M. Bakker, unless a contrary indication appears below.

3.    In the event that Defendants contend that any of these Document Requests are objectionable, in whole or in part, Defendants shall state with particularity each such objection

and the basis therefor, and shall respond to the remainder of the Document Request and/or the Document Requests to the extent that Defendants do not object.

4. These Document Requests shall be deemed continuing so as to require further and supplemental responses by Defendants in the event Defendants obtain or discover additional responsive information between the time of their initial response and the time of trial. If the answer to all or any part of any Document Request is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Document Request within ten days from the time the entire answer becomes known or available. If an estimate can be reasonably made in place of unknown information, also set forth a best estimate, clearly designated as such, in place of the unknown information and describe the bases upon which the estimate is made.

5. These Document Requests seek all information in the possession, custody or control of the Defendants, in accordance with Instruction Nos. 1 and 2 herein. Every Request is directed to all Defendants and seeks all documents in the possession, custody or control of each Defendant.

6. Each of these Document Requests shall be construed independently and not by reference to any other Document Request for the purposes of limitation, unless a Document Request by its express terms clearly directs otherwise.

7. The term "draft" means any earlier, preliminary, preparatory or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same or different from the terms of the final document.

## DOCUMENTS REQUESTED

1. All documents which Defendants believe support, in whole or in part, the First Affirmative Defense set forth in their Answer.

2. All documents which Defendants believe support, in whole or in part, the Second Affirmative Defense set forth in their Answer.

3. All documents which Defendants believe support, in whole or in part, the Third Affirmative Defense set forth in their Answer.

4. All documents which Defendants believe support, in whole or in part, the Fourth Affirmative Defense set forth in their Answer.

5. All documents which Defendants believe support, in whole or in part, the Fifth Affirmative Defense set forth in their Answer.

6. All documents which Defendants believe support, in whole or in part, the Sixth Affirmative Defense set forth in their Answer.

7. All documents which Defendants believe support, in whole or in part, the Seventh Affirmative Defense set forth in their Answer.

8. All documents which Defendants believe support, in whole or in part, the Eighth Affirmative Defense set forth in their Answer.

9. All documents which Defendants believe support, in whole or in part, the Ninth Affirmative Defense set forth in their Answer.

10. All documents which Defendants believe support, in whole or in part, the Tenth Affirmative Defense set forth in their Answer.

11. All documents which Defendants believe support, in whole or in part, the Eleventh Affirmative Defense set forth in their Answer.

12. All documents which Defendants believe support, in whole or in part, the Twelfth Affirmative Defense set forth in their Answer.

13. All police reports written by or at the request of any member, officer, employee, agent or other person associated in any way with the Northport Village Police Department and relating to Plaintiff's arrest and injury, as described in the Complaint.

14. All documents of any type or description whatsoever written by or at the request of any member, officer, employee, agent or other person associated in any way with the Northport Police Department and relating to Plaintiff's arrest and injury, as described in the Complaint, including but not limited to such materials reflecting any investigation of the said facts and circumstances by Defendants.

15. All citations, tickets, summons or other documents charging, notifying or purporting to charge or notify Plaintiff of any alleged legal violation related to his arrest, injury and prosecution, as described in the Complaint, as well as all documentation supporting or relating to such materials.

16. The entire contents of any personnel or similar file of Defendant Christopher J. Hughes maintained by the Northport Village Police Department (and/or the Incorporated Village of Northport), including but not limited to all performance reviews and disciplinary information, if any.

17. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Defendant Christopher J. Hughes.

18. The entire contents of any personnel or similar file of Defendant Allen M. Bakker maintained the Northport Village Police Department (and/or the Incorporated Village of

4

Northport), including but not limited to all performance reviews and disciplinary information, if any.

19. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Defendant Allen M. Bakker.

20. The entire contents of any personnel or similar file of Sergeant William Ricca maintained by the Northport Village Police Department (and/or the Incorporated Village of Northport), including but not limited to all performance reviews and disciplinary information, if any.

21. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Sergeant William Ricca.

22. All complaints (whether formal or informal, verbal or written) received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person in regard to assault, battery or injury of a suspect or use of excessive force against any person by any police officer employed by the Northport Village Police Department from 1996 to the present.

23. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material, covering the period 1996 to the present, regarding the use of force by Northport police officers.

24. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material, covering the period 1996 to the present, regarding the use of handcuffs by Northport police officers.

25. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material covering the period 1996 to the present, regarding the use of mace by Northport police officers.

26. To the extent not already produced in response to a preceding request, all documents of any type, nature or description whatsoever bearing the name "Kevin McKenna" or pertaining in any way to Plaintiff and/or his arrest, injury and prosecution, as described in the Complaint.

Dated: New York, NY
       January 23, 2007

By: _____
Sheldon Karasik, Esq. (SK-4020)
Karasik & Associates, LLC
(A Member of the Firm)
Attorneys for Plaintiff, Kevin J. McKenna
28 West 36th Street, Suite 901
New York, NY 10018
(212) 244-6100

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of Plaintiff's First Request for the Production of Documents was served by United States mail, postage prepaid, on January 23, 2007, upon:

>Thomas J. Spellman, Esq.
>Devitt Spellman Barrett, LLP
>Hillside Village Plaza
>50 Route 111
>Smithtown, NY 11787

>_____
>Sheldon Karasik, Esq.

**KARASIK & ASSOCIATES, LLC**

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

Index No. 2895    Year 20 06

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN P. MCKENNA,

PLAINTIFF,

v.

THE INCORPORATED VILLAGE OF NORTHPORT, THE NORTHPORT VILLAGE POLICE DEPARTMENT, CHRISTOPHER J. HUGHES, and ALAN M. BAKKER,
DEFENDANTS.

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

**KARASIK & ASSOCIATES, LLC**
ATTORNEYS AT LAW

Attorney(s) for

KEVIN P. MCKENNA
28 WEST 36TH STREET, RM. 901
NEW YORK, NEW YORK 10018
TEL: (212) 244-6100
FAX: (212) 244-6110

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: .................................    Signature ............................................

Print Signer's Name ............................................

Service of a copy of the within                                                    is hereby admitted.

Dated:

............................................
Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                      20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                                           one of the judges of the within named Court,
at
on                              20       , at              M.

Dated:

**KARASIK & ASSOCIATES, LLC**
ATTORNEYS AT LAW