UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KEVIN P. MCKENNA,

                     Plaintiff,

-against-

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTHOPHER J. HUGHES and ALAN M. BAKKER,

                     Defendants.
-----------------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

CV 06-2895

(SJF)
(ETB)

       Defendants, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, hereby respond upon information and belief, to the plaintiff's first set of document requests:

**PRELIMINARY STATEMENT**

       These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement or document herein, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

       Defendants reserve the right to make any changes in these responses if it appears that omissions or errors have been made herein, or that further or more accurate information is available.

       Defendants have not completed their investigation of the facts relating to this action, and have not completed preparation for trial. The following answers are based on information presently available, and are made without prejudice to defendants' right to utilize subsequently

discovered facts.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S DOCUMENT REQUESTS

1. All documents which Defendants believe support, in whole or in part, the First Affirmation Defense set forth in their Answer.

RESPONSE: The First Affirmative Defense presents a question of law. The documents hereinafter provided form a basis for this affirmative defense, together with the plaintiff's pleadings and discovery responses.

2. All documents which Defendants believe support, in whole or in part, the Second Affirmative Defense set forth in their Answer.

RESPONSE: The Second Affirmative Defense presents a question of law. The documents hereinafter provided form a basis for this affirmative defense, together with the plaintiff's pleadings and discovery responses.

3. All documents which Defendants believe support, in whole or in part, the Third Affirmative Defense set forth in their Answer.

RESPONSE: There exists no policy, statement, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by the defendants that authorizes a deprivation of the plaintiff's constitutional rights. Provided and attached is the Mission Statement of the Northport Police Department in effect on November 5, 2005, numbered document 1.

4. All documents which Defendants believe support, in whole or in part, the Fourth Affirmative Defense set forth in their Answer.

RESPONSE: There exists no custom or practice ever adopted, followed, endorsed or ratified by the defendants authorizing a deprivation of the plaintiff's constitutional rights.

5.  All documents which Defendants believe support, in whole or in part, the Fifth Affirmative Defense set forth in their Answer.

RESPONSE: This is solely a question of law.

6.  All documents which Defendants believe support, in whole or in part, the Sixth Affirmative Defense set forth in their Answer.

RESPONSE: This is solely a question of law.

7.  All documents which Defendants believe support, in whole or in part, the Seventh Affirmative Defense set forth in their Answer.

RESPONSE: This is solely a question of law. The documents hereinafter provided form a basis for this affirmative defense, together with the plaintiff's pleadings and discovery responses.

8.  All documents which Defendants believe support, in whole or in part, the Eighth Affirmative Defense set forth in their Answer.

RESPONSE: This is solely a question of law. The documents hereinafter provided form a basis for this affirmative defense, together with the plaintiff's pleadings and discovery responses.

9.  All documents which Defendants believe support, in whole or in part, the Ninth Affirmative Defense set forth in their Answer.

RESPONSE: General Order of the Northport Police Department adopting Police Department County of Suffolk General Order dated 6/29/98 on the subject of: use of physical force controls the use of physical force by Village of Northport police officers and is attached as documents 2a, 2b, 2c.

10. All documents which Defendants believe support, in whole or in part, the Tenth

Affirmative Defense set forth in their Answer.

RESPONSE: The documents hereinafter provided and included in this response, together with the sworn testimony of the parties when it becomes available will support this affirmative defense. Based on the evidence adduced the qualified immunity of the defendants becomes a question of law.

11. All documents which Defendants believe support, in whole or in part, the Eleventh Affirmative Defense set forth in their Answer.

RESPONSE: The Eleventh Affirmative Defense is solely a question of law.

12. All documents which Defendants believe support, in whole or in part, the Twelfth Affirmative Defense set forth in their Answer.

RESPONSE: The Twelfth Affirmative Defense is solely a question of law.

13. All police reports written by or at the request of any member, officer, employee, agent or other person associated in any way with the Northport Village Police Department and relating to Plaintiff's arrest and injury, as described in the Complaint.

RESPONSE: The attached documents numbered 3 through 16 are the documents in the possession of the Northport Village Police Department relating to the plaintiff's arrest and injury.

14. All documents of any type or description whatsoever written by or at the request of any member, officer, employee, agent or other person associated in any way with the Northport Police Department and relating to Plaintiff's arrest and injury, as described in the Complaint, including but not limited to such materials reflecting any investigation of the said facts and circumstances by Defendants.

RESPONSE: Response 13 contains all of the documentation in the possession of the Northport Village Police Department requested in this request.

15. All citations, tickets, summons or other documents charging, notifying or purporting to charge or notify Plaintiff of any alleged legal violation related to his arrest, injury and prosecution, as described in the Complaint, as well as all documentation supporting or relating to such materials.

RESPONSE: The attached documents numbered 9a, 9b, 10a, 10b, 10c, 10d, 10e, 10f, and 10g are the records of the Northport Police Department relating to the citations notifying the plaintiff of the charges against him. The actual tickets/citations were given to the plaintiff by the Northport Village Police Department on November 5, 2005.

16. The entire contents of any personnel or similar file of Defendant Christopher J. Hughes maintained by the Northport Village Police Department (and/or the Incorporated Village of Northport), including but not limited to all performance reviews and disciplinary information, if any.

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence. This request is improper in that it's only purpose is an attempt to embarrass and annoy the defendants. Further, Police personnel records are confidential pursuant to New York State Civil Rights Law § 50-d.

17. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Defendant Christopher J. Hughes.

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence.

18. The entire contents of any personnel or similar file of the Defendant Alan M. Bakker maintained the Northport Village Police Department (and/or the Incorporated Village of Northport), including but not limited to all performance reviews and disciplinary information, if any.

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence. This request is improper in that it's only purpose is an attempt to embarrass and annoy the defendants. Further, Police personnel records are confidential pursuant to New York State Civil Rights Law § 50-d.

19. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Defendant Alan M. Bakker.

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence.

20. The entire contents of any personnel or similar file of Sergeant William Ricca maintained by the Northport Village Police Department (and/or the Incorporated Village of Northport), including but not limited to all performance reviews and disciplinary information, if any

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence. . This request is improper in that it's only purpose is an attempt to embarrass and annoy the defendants. Further, Police personnel records are confidential pursuant

to New York State Civil Rights Law § 50-d.

21. All complaints received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person (whether formal or informal, verbal or written) in regard to the employment-related activities of Sergeant William Ricca.

RESPONSE: OBJECTION. Defendants object to this request as it is overly broad, in that it seeks to elicit information which is not reasonably calculated to lead to the discovery of admissible evidence.

22. All complaints (whether formal or informal, verbal or written) received by the Northport Village Police Department (and/or the Incorporated Village of Northport) from any person in regard to assault, battery or injury of a suspect or use of excessive force against any person by any police officer employed by the Northport Village Police Department from 1996 to the present.

RESPONSE: The Northport Police Department does have a process of filing reports of complaints against it or its members. This process requires a written report, by the complainant. The process is explained to the complainant. There are no formal written complaints alleging assault, battery, injury or use of excessive force by any police officer employed by the Northport Police Department from 1996 to the present. There is no corporate memory of any informal or verbal complaints of assault, battery or excessive force use by any police officer employed by the Northport Police Department from 1996 to the present.

23. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material, covering the period 1996 to the present, regarding the use of force by Northport police officers.

RESPONSE: The attached documents numbered 2a, 2b and 2c are the documents requested.

24. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material, covering the period 1996 to the present, regarding the use of handcuffs by Northport police officers.

RESPONSE: The documents requested are being compiled and will be supplied in a supplementary response.

25. All documents related to any practices, protocols, procedures, rules, standards, guidelines, manuals, handbooks or other instructional or educational material covering the period of 1996 to the present, regarding the use of mace by Northport police officers.

RESPONSE: The documents requested are being compiled and will be supplied in a supplementary response.

26. To the extent not already produced in response to a preceding request, all documents of any type, nature or description whatsoever bearing the name "Kevin McKenna" or pertaining in any way to Plaintiff and/or his arrest, injury and prosecution, as described in the Complaint.

RESPONSE: The attached documents numbered 3 through 16 are the documents in the possession of the Northport Police Department that respond to this request.

Dated: Smithtown, New York
       March 15, 2007

Yours etc.,

DEVITT SPELLMAN BARRETT, LLP
Attorneys for Defendants
50 Route 111
Smithtown, New York 11787
Phone (631) 724-8833
Fax (631) 724-8010
Our File No. NS4852W9

By: _____
    THOMAS J. SPELLMAN, JR. (TS/2838)

TO:  Sheldon Karasik, Esq. (SK-4020)
     KARASIK & ASSOCIATES, LLC
     Attorneys for the Plaintiff
     28 West 36th Street, Suite 901
     New York, New York
     (212) 244-6100