UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
KEVIN P. MCKENNA,

                                Plaintiff,                            CV 06-2895 (SJF) (ETB)

   -against-                                                 REPORT AND
                                                                          RECOMMENDATION

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTOPHER J. HUGHES, and ALAN M. BAKKER,

                                Defendants.
------------------------------------------------------------------x

TO THE HONORABLE SANDRA J. FEUERSTEIN, UNITED STATES DISTRICT JUDGE:

      Before the court is the cross-motion by the defendants, the Incorporated Village of Northport (the "Village"), the Northport Village Police Department, Christopher J. Hughes ("Hughes") and Alan M. Bakker ("Bakker") (Hughes and Baker are collectively referred to as "defendant police officers"), to dismiss plaintiff's state law tort claims on the grounds that the Notice of Claim served on the Village was untimely and the statute of limitations for the state law tort claims has since expired.[1] Oral argument was held with respect to this motion on June 28, 2007, before the undersigned. For the following reasons, I recommend that the defendant's cross-motion to dismiss be denied as moot.

---

[1] This motion was filed as a cross-motion in opposition to the plaintiff's motions to amend his complaint and to compel the production of the individual defendants' personnel records as well as any records of complaints filed against the individual defendants. The plaintiff's motions, which are non-dispositive in nature, are decided in the accompanying Memorandum Opinion and Order.

-1-

FACTS

The court assumes familiarity with the facts of this action. The facts relevant to this motion are discussed in detail in the accompanying Memorandum Opinion and Order, which is being issued simultaneously with this Report and Recommendation, and for purposes of convenience, will not be restated herein.

DISCUSSION

Defendants cross-move, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss plaintiff's state law tort claims on the ground that the Notice of Claim was untimely filed and as such, the statute of limitations with respect to plaintiff's state law claims has expired. As discussed in the accompanying Memorandum Opinion and Order with regard to plaintiff's motion to amend, defendants do not offer any proof to establish that the Notice of Claim was untimely filed, while plaintiff offers several pieces of evidence supporting his assertion that the Notice of Claim was filed within the applicable statute of limitations period. (See McKenna v. Inc. Village of Northport, Mem. Opin. and Order, Boyle, J., July 13, 2007, 10-12.) More importantly, since plaintiff is granted leave to amend his complaint to state in Paragraph 24 that he served the Notice of Claim on February 1, 2006, (Id.), defendants' motion to dismiss becomes moot. When deciding a motion to dismiss, the allegations in the complaint are deemed to be true and all reasonable inferences are to be drawn in favor of the plaintiff. See Arena v. Dep't of Soc. Servs., 216 F. Supp. 2d 146, 151 (E.D.N.Y. 2002) (citing Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)). When the plaintiff's amended complaint is viewed in this light, there is no longer a question as to the timeliness of service of the Notice of

Claim and thus, there are no grounds on which the defendants may base a motion to dismiss, although the defendants are not foreclosed from raising the issue under Rule 56 of the Federal Rules of Civil Procedure. I therefore recommend that the defendants' cross-motion to dismiss be denied as moot without prejudice to renewal pursuant to Rule 56.

In addition, defendants have already answered plaintiff's complaint.[2] A motion to dismiss pursuant to Rule 12(b)(5) or (6) of the Federal Rules of Civil Procedure is untimely at this point. See R.C.M. Exec. Gallery Corp. v. Rols Cap. Co., 901 F. Supp. 630, 638-39 (S.D.N.Y. 1995) ("Because [the defendant] has already answered the complaint . . . a motion under Fed. R. Civ. Pro. 12(b)(6) is untimely."); see also FED. R. CIV. P. 12(b) (listing the motions that a defendant may make in response to a complaint and stating that "[a] motion making any of these defenses shall be made *before* pleading if a further pleading is permitted") (emphasis added). Any motion to dismiss should have been made prior to or in lieu of submitting an Answer. Accordingly, defendants' cross- motion to dismiss the state law tort claims should also be denied on procedural grounds.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the defendants' cross-motion to dismiss be denied .

---

[2] Defendants interposed an Answer on June 27, 2006.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiuam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
       July 13, 2007

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge