UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

KEVIN P. MCKENNA,

                    Plaintiff,

                                                            **ORDER**

-against-                                        CV 06-2895(SJF)(ETB)

THE INCORPORATED VILLAGE OF NORTHPORT,
THE NORTHPORT VILLAGE POLICE DEPARTMENT,
CHRISTOPHER J. HUGHES, and ALAN M. BAKKER,

                    Defendants.
---------------------------------------------------------------X
FEUERSTEIN, J.

On June 8, 2006, plaintiff Kevin P. McKenna (plaintiff) filed a complaint against defendants The Incorporated Village of Northport (the Village), The Northport Village Police Department, Christopher Hughes, and Alan M. Bakker (collectively, defendants), asserting claims pursuant to, *inter alia*, 42 U.S.C. § 1983, for violation of his constitutional rights, and for false arrest, assault, battery, intentional infliction of emotional distress and negligent supervision and hiring. On January 17, 2007, supervision of discovery was referred to Magistrate Judge E. Thomas Boyle. Thereafter, plaintiff filed separate motions to amend his complaint and to compel production of documents and defendants cross-moved pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure to dismiss plaintiff's state law tort claims on the grounds that the notice of claim served on the Village was untimely and the statute of limitations for those claims has since expired.

By order dated June 28, 2007, I referred defendants' cross motion to Magistrate Judge Boyle for a report and recommendation. By Report and Recommendation dated July 13, 2007,

Magistrate Judge Boyle recommended that defendants' cross motion be denied as moot, without prejudice to renewal on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, since plaintiff was granted leave to amend his complaint to state that he timely served the notice of claim on February 1, 2006.[1] In addition, Magistrate Judge Boyle recommended that defendants' cross motion be denied on procedural grounds as well, since defendants had already interposed an answer at the time they moved to dismiss pursuant to Rule 12(b)(5) or (6). No objections have been filed to the Report and Recommendation. For the reasons stated herein, the Court adopts Magistrate Judge Boyle's Report and Recommendation in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); see Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); In re Adler, Coleman Clearing Corp., ___ F.Supp.2d ___, 2007 WL 2077142, at * 1 (S.D.N.Y. Jul. 19, 2007). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] By Memorandum and Opinion dated that same date, Magistrate Judge Boyle granted plaintiff's non-dispositive motions to amend his complaint and to compel the production of certain documents.

II

Neither party has filed any objections to Magistrate Judge Boyle's Report and Recommendation. As Magistrate Judge Boyle's Report and Recommendation is not clearly erroneous, it is affirmed and adopted in its entirety as an Order of the Court.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 3, 2007
       Central Islip, New York

Copies to:

Karasik & Associates, LLC
28 West 36th Street, Suite 901
New York, New York 10018
Attn: Sheldon G. Karasik, Esq.

Devitt Spellman Barrett
50 Route 111
Smithtown, New York 11787
Attn: Jeltje DeJong, Esq.