UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEVIN P. McKENNA,

                       Plaintiff,

-against-

CHRISTOPHER J. HUGHES, ALAN M.
BAKKER and WILLIAM RICCA,

                       Defendant.

------------------------------------------------------------X

06CV2895 (SJF) (ETB)

       Plaintiff Kevin McKenna ("plaintiff" or "McKenna") was arrested on November 5, 2005 at approximately two o'clock in the morning (2:00 a.m.) and charged with one count of Driving While Intoxicated, two counts of Resisting Arrest, one count of Petit Larceny and various Vehicle and Traffic Law violations. (Exhibit C, Misdemeanor Informations).

       Northport Village Police Officers Christopher Hughes ("Hughes") and Alan Bakker ("Bakker") arrested McKenna with the assistance of Sergeant William Ricca ("Ricca"), the officers' supervisor, who appeared on the scene during the arrest. (Exhibit B, First Amended Complaint, paragraph 26; Exhibit C, Misdemeanor Informations).

       Following a jury trial, McKenna was convicted of one count of Driving While Intoxicated, two counts of Resisting Arrest, and several Vehicular and Traffic Law violations. (Exhibit D, Certificate of Disposition dated March 2, 2007 and jury verdict sheet).

       Plaintiff commenced this action in June 2006 seeking damages based upon allegations of, *inter alia*, excessive force during his arrest. Prior to trial, plaintiff's claims against the Village of

-1-

Northport and the Northport Police Department were dismissed, as were his claims of intentional tortious conduct by the individual defendants. Plaintiff's claims that his constitutional rights were violated by the use of excessive force were tried to a jury from December 5, 2007 through December 10, 2007 on the bifurcated issue of liability.

The jury returned a verdict in favor of defendants Bakker and Ricca, but was unable to arrive at a verdict as to the liability of defendant Hughes.

Following the trial, defendant Hughes moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

A. Summary Judgment Standard

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. See id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. See id. at 252; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

B. Qualified Immunity

The defense of qualified immunity shields government officials from liability for civil

damages as a result of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial lawsuits. Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000). This doctrine was established to eliminate the fear of personal monetary liability and to prevent harassing litigation which would "unduly inhibit officials from the discharge of their duties." Harlow v. Fitzgerald, 457 U.S. 800, 814, 102 S.Ct. 2727, 72 L.Ed2d 396 (1982).

The doctrine of qualified immunity shields police officers from liability for damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow, 457 U.S. at 818, 102 S.Ct. 2727, or where it was objectively reasonable for them to believe that their acts did not violate those rights. Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed. 523 (1987); Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). If no constitutional right was violated, then further inquiry into the issue of qualified immunity will be obviated. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In the instant case, plaintiff contends that his constitutional rights were violated by Officer Hughes whom, according to plaintiff, 1) placed him in a bear hug; 2) pivoted plaintiff and placed him face down on the trunk of plaintiff's vehicle and 3) employed pepper spray about plaintiff's eyes.

Claims of excessive force during an arrest are analyzed under the Fourth Amendment "reasonableness" standard by examining the totality of the circumstances faced by the arresting officer to determine whether the amount of force used was objectively reasonable. Rivera v. City of Yonkers, 470 F.Supp.2d 402 (S.D.N.Y. 2007). Considerations include, *inter alia*, whether an arrestee is actively resisting arrest or otherwise attempting to evade arrest. Id.; Garcia v. Grisanti, 998 F.Supp. 270 (W.D.N.Y. 1998).

To succeed on a Fourth Amendment excessive force claim, a plaintiff must show that the amount of force used was objectively unreasonable. Lowth v. Town of Cheektowaga, 82 F.3d 563 (2d Cir. 1996).

> "Determining whether the force used during an arrest is 'reasonable' requires balancing the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham [v. Connor], 490 U.S. [386], 396, 109 S.Ct. [1865], 1872 [104 L.Ed.2d 443 (1989)] (internal quotation marks and citations omitted). This standard evaluates the reasonableness of the force used by considering the totality of the circumstances faced by the officer on the scene. Id.; Anderson v. Branen, 17 F.3d 552, 560 (2d Cir. 1994). The Supreme Court has stated explicitly: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396, 109 S.Ct. at 1872 (internal quotations and citation omitted).

Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). An officer's action will be found objectively unreasonable only if no officer of reasonable competence could have made the same choice in similar circumstances. Id.; Banks v. Person, 49 F.Supp.2d 119 (E.D.N.Y. 1999).

In Paul v. City of Rochester, 452 F.Supp.2d 223 (W.D.N.Y. 2006), plaintiff was injured when the sheriff's department, while executing a search warrant against another individual, ordered plaintiff to lay face down on the ground, handcuffed him and stepped on his ankle, knee and back when plaintiff raised his head and moved his leg. The plaintiff in Paul claimed injuries including facial scrapes, an injury to his knee and broken eyeglasses. Id. The court held that the facts did not constitute a violation of plaintiff's Fourth Amendment rights and granted the defendants summary judgment dismissing the claim. Id.; See also Wilder v. Village of Amityville, 288 F.Supp.2d 341 (E.D.N.Y. 2003), aff'd., 111 Fed. Appx. 635 (2d Cir. 2004) (Excessive tightness of handcuffs resulting in the inflammation of plaintiff's wrists does not rise

to the level of objective excess); Ambrose v. Korines, No. 03-Civ-0411, 2005 WL 1962027 (E.D.N.Y. Aug. 9, 2005) (Officer's stepping on plaintiff's handcuffs as he was attempting to maneuver them under his legs and pushing of the plaintiff causing him to go back down onto a bench was not a violation of plaintiff's Fourth Amendment rights); Hamlett v. Town of Greenburgh, No. 05-Civ-3215, 2007 WL 119291 (S.D.N.Y. Jan. 17, 2007) (The tightness of handcuffs and the force used by two officers to hold back plaintiff's arms did not rise to the level of force required to sustain an excessive force claim.)

In Tierney v. Davidson, 133 F.3d 189 (2d Cir. 1998), plaintiff alleged the use of excessive force by police officers who grabbed her wrist and her arm when effectuating another's arrest. Holding that the officer was entitled to the qualified immunity defense, the Court stated:

> "A qualified immunity defense is established if a) the defendant's action did not violate clearly established law, or b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Salim [v. Proulx], 93 F.3d [86,] 89 [2d Cir. 1996] (citations omitted). "The objective reasonableness test is met if 'officers of reasonable competence could disagree' on the legality of the defendant's actions. Id. at 91 (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

Tierney, 133 F.3d at 196; Vogeler v. Colbath, No. 04Civ6071, 2005 WL 2482549 (S.D.N.Y. Oct. 6, 2005) (Officers accused of tightly handcuffing plaintiffs and lifting them off the ground entitled to qualified immunity).

The undisputed facts are that plaintiff was not compliant with the officer's orders, (Transcript, p.90), verbally challenged the authority of the officers, (Transcript, p. 82), refused to take a breathalyzer test, and took a "bladed" stance, clenching his fists and facing the officers. In finding in favor of Bakker on the issue of liability, the jury found the allegation that plaintiff's

head was forced to the trunk of his car by Officer Bakker (allegedly in a coordinated effort with Officer Hughes), (Transcript, p.83), either did not occur or was not excessive or unreasonable.

It was conceded by plaintiff's expert, that a bear hug is not excessive force, (Transcript, p. 191, 192), and that a standing arrestee who is non-compliant is in a position to run or kick the officers, (Transcript, p. 177). That witness also indicated that the employment of pepper spray could only be considered excessive force if it were sprayed less than two (2) feet from plaintiff's face, of which there was no evidence, (Transcript, p.201). Moreover, the decision to employ pepper spray was on advice of Sergeant Ricca, whom the jury absolved from liability.

Based upon the foregoing, none of Officer Hughes' conduct vis-a-vis plaintiff, was excessive or unreasonable.

Even assuming that any conduct by Officer Hughes could be deemed to constitute excessive or unreasonable force, Officer Hughes would nevertheless be entitled to qualified immunity for his actions.

> "In this instance, the question for the purposes of qualified immunity is 'whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances.' Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994); see also Edwards v. Giles, 51 F.3d 155, 157 (8th Cir. 1995) (reversing district court's denial of summary judgment on qualified immunity grounds where force used was 'objectively reasonable in the circumstances'); Jones by Jones v. Webb, 45 F.3d 178, 184 (7th Cir. 1995) (affirming grant of summary judgment on grounds of qualified immunity where 'a reasonable police officer certainly could have believed that the limited force applied was proper and was not unconstitutionally excessive in light of clearly established law')."

Lennon, 66 F.3d at 416.

There is no dispute that Hughes was a competent officer or that he was facing a non-compliant, emotional, inebriated individual who had taken a double-fisted stance after being

-6-

advised that he was being arrested. Indeed, even plaintiff's expert did not contend that Officer Hughes' conduct was inappropriate, except insofar as it was premature and should have been preceded by additional warnings, discussion or requests for compliance. However, there was no evidence that any additional discourse would have made plaintiff compliant or otherwise changed the ultimate outcome. The testimony of Officer Bakker indicated that he viewed the situation and the plaintiff in a manner consistent with the assessment of Officer Hughes (Transcript p. 252, 253, 273). Thus, it is clear that based upon the facts as found by the jury and the undisputed facts in the record, the acts of Officer Hughes were objectively reasonable and that he is entitled to qualified immunity for his actions.

Conclusion

For the foregoing reasons, defendant Hughes' motion for judgment as a matter of law is granted. The clerk of the Court is directed to close this case.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated:   January 23, 2008
         Central Islip, New York

Copies to:

Karasik & Associates, LLC
28 West 36th Street, Suite 901
New York, NY 10018
Att: Sheldon G. Karasik, Esq.

Devitt Spellman Barrett
50 Route 111
Smithtown, New York 11787
Attn: Jeltje DeJong, Esq.